UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA FELDMAN,

    Plaintiff,

v.                              Case No.:  2:24-cv-698-SPC-KCD

SUMMIT MORTGAGE
CORPORATION,

    Defendant.
_____/

## ORDER

Attorney Thomas J. Lyons Jr. moved to appear *pro hac vice* to represent Plaintiff Linda Feldman. (Doc. 6.) The Court denied Attorney Lyons's motion under Local Rule 2.01(c)(4), which requires the applicant to "list[] each case in state or federal court in Florida in which the lawyer has initially appeared in the last thirty-six months." It has since come to the Court's attention that Attorney Lyons included a case list within an affidavit attached to the motion. Accordingly, the Court's prior order (Doc. 9) is **VACATED and STRICKEN FROM THE RECORD**.

But after reviewing the affidavit, the Court still cannot admit Attorney Lyons. Local Rule 2.01(c) allows a non-resident attorney to appear as counsel of record if he "has not abused the privilege of special admission by maintaining a regular practice of law in Florida." "The Florida Bar and the

Florida Supreme Court presume that more than three appearances by a non-Florida lawyer within a 365-day period constitutes the general practice of law in Florida." *Daniel v. Navient Sols.*, LLC, No. 8:17-CV-2503-T-24JSS, 2018 WL 4575038, at *1 (M.D. Fla. Sept. 24, 2018).

Attorney Lyons has appeared in at least five cases in Florida over the past thirty-six months. (Doc. 6-1.) And three of them remain pending now. (8:23-cv-00864-MSS-TGW; 0:23-cv-62076-KMM; 0:23-cv-61931-RAR.) These actions constitute the regular practice of law in Florida, and Attorney Lyons fails to explain why an additional special admission would not abuse the privilege of appearing specially under Local Rule 2.01(c).

Accordingly, the Pro Hac Motion (Doc. 6) is again **DENIED**.

**ORDERED** in Fort Myers, Florida on August 5, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record